UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MANUEL ANTIGUA GONZALEZ, *sole* :
*principal of 187 Santana Deli Grocery Corp.*, :
:
                                 Plaintiff, :      No. 12 Civ. 7932 (RA)
:
         -v-                    :      OPINION AND ORDER
:
UNITED STATES DEPARTMENT OF :
AGRICULTURE, FOOD AND NUTRITION, :
:
                                 Defendant. :
:
------------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

      Plaintiff Manuel Gonzalez, proceeding *pro se*, brings this action pursuant to the Food and Nutrition Act of 2008, 7 U.S.C. §§ 2011-2036, seeking judicial review of the validity of an administrative action by Defendant United States Department of Agriculture, Food and Nutrition Service. Before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Defendant's motion is granted.

## I.    Background[1]

      Gonzalez is the principal of 187 Santana Deli Grocery Corp., which operates a grocery store at 4666 Park Avenue, Bronx, New York 10458 (the "Deli"). The Deli participates in the Supplemental Nutrition Assistance Program ("SNAP"), which is administered by Defendant. (Compl. ¶ 4.)

      Between March 15, 2012 and March 23, 2012, Defendant conducted an investigation of

---

[1]    The following facts, taken primarily from the Complaint, are assumed to be true for purposes of this motion. See EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000). The Court also considers evidence presented outside of the pleadings because consideration of such evidence is permitted to resolve jurisdictional issues. See J.S. ex. rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004).

the Deli. (Declaration of Bertrand Madsen, dated January 3, 2013, Ex. A at 2.) The investigation revealed that the Deli had violated SNAP by selling "ineligible merchandise on three separate occasions" to investigators. (Id.) By letter dated July 26, 2012, Defendant informed Gonzalez of the investigation's findings and charged Gonzalez with violating SNAP regulations. (Id.) Gonzalez was later informed that the Deli would be disqualified from the SNAP program for a period of six months. (Id.) Gonzalez then appealed Defendant's decision and requested an administrative review of the action. (Id.)

On September 11, 2012, Defendant issued a Final Agency Decision which again described the findings of the investigation and informed Gonzalez that the Deli would be disqualified from participating in SNAP for a period of six months. (Compl. at ¶ 2.) The decision notified Gonzalez that if he wanted to seek judicial review, he could file a complaint in the appropriate United States District Court. (Madsen Decl., Ex. A at 6.) It further warned that "[i]f any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision." (Id.) A delivery notification receipt from UPS shows that this Decision was delivered to the Deli on September 18, 2012. (Madsen Decl., Ex. B.)

Accordingly, Gonzalez filed the instant Complaint seeking "Judicial Review of the USDA's (Food Stamps') final determination to disqualify our firm for a period of six months from participation in the SNAP 9 Supplemental Nutrition Assistance Program." (Compl. ¶ 2.) Although the Complaint does not contest the sale of ineligible merchandise on the three occasions at issue, it alleges that the "agency's determination was not based on a thorough investigation of the facts." (Id. ¶ 3.) The Complaint further claims that the Deli should not be disqualified because the employee who sold the ineligible merchandise "was not fluent in the English language and, as such, may not have been able to verbalize adequately to the undercover

investigator, pertaining to items not qualified, under the SNAP Program." (Id.) Although the Complaint is dated October 10, 2012, it was not notarized or filed until October 24, 2013. (Id.)

On January 3, 2013, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. Because Gonzalez did not timely oppose this motion, the Court issued an order on June 14, 2013 directing him to file an opposition no later than July 15, 2013. The Court warned that if his opposition was not filed by such date, it would consider the motion unopposed. To date, the Court has not received any submission from Gonzalez. The Court thus considers the motion fully briefed and decides it unopposed. For the following reasons, Defendant's motion is granted and the Complaint is dismissed.

## II.     Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). To survive a motion to dismiss under Rule 12(b)(1), "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Moreover, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004).

Additionally, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted). Nonetheless, a *pro se* litigant is not exempt from "compliance with relevant

rules of procedural and substantive law." Id. at 477.

### III. Discussion

Defendant contends that the Complaint was not timely and thus the Court lacks subject matter jurisdiction over the case. It is "'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). Moreover, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (internal quotation marks omitted). "[A] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996).

In the Food and Nutrition Act, "the United States chose to conditionally waive its immunity for a limited window of time, the condition being that Program participants file a complaint in the district court challenging the disqualification within thirty days of receipt of the notice of the final determination." Mendez & DeJesus Grocery Store v. U.S. Dep't of Agric., No. 97 Civ. 1099 (RO), 1997 WL 250458, at *2 (S.D.N.Y. May 12, 1997); 7 U.S.C. § 2023(a)(13). "Several courts have held that this limited waiver of sovereign immunity should be strictly construed against the Program participant." Id. (collecting cases).

It is apparent from the Complaint, as well as Defendant's submissions in support of its motion, that the Complaint was filed more than thirty days after Gonzalez received notification of the Final Agency Decision. The Final Agency Decision was received at the Deli on September 18, 2012 and the Complaint was not filed until October 24, 2012. Under these

4

circumstances, the Court is without jurisdiction to adjudicate the subject matter of Gonzalez's suit and it is therefore dismissed. See Adeleke, 355 F.3d at 150.

## IV. Conclusion

For the foregoing reasons, the Court lacks jurisdiction to hear Gonzalez's claim and Defendant's motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion at docket number 3 and close this case.

SO ORDERED.

Dated:     August 16, 2013
             New York, New York

_____
Ronnie Abrams
United States District Judge